MALINDA S. KIMBALL, Administratrix, *vs.* CITY OF ROCKLAND.

Kennebec.    Opinion April 7, 1880.

*Ways — damages in laying out.*  R. S., c. 18, § 7.

If a new street or town way is legally laid out, accepted and established by the proper municipal officers of a city, and they assess the damages of a land owner, over whose land the street crosses, for the land so taken, and award the amount to be paid to him generally, without suspending the payment until the land is actually taken, such land owner may maintain an action for the sum awarded, when such action is commenced more than thirty days after demand of payment.

The first clause of § 7, c. 18, R. S., is permissive, not peremptory, as may be seen by a reference to its origin in c. 92, stat. 1854.

Whether it can be extended to awards of damages made by municipal officers — *Quere.*

ON AGREED STATEMENT OF FACTS.

This is an action of debt, to recover damages allowed for the location of a town way.    The case was submitted to the law court on the following agreed statements : "That a new street or town way was legally laid out, accepted and established by the proper municipal officers of the city of Rockland, December 7, 1875 ; that said street crossed over the land of Bradford Kimball, the intestate, and took of his land for said street 14,629 square feet ; that said city municipal officers, then and there, estimated his damages for the land so taken at $400, and awarded that sum to be paid to him therefor.    The record was silent as to time of payment.    That afterwards, on the 10th day of January, 1876, said Bradford, then alive, demanded of the treasurer of said city, the payment of said damages ; and that afterwards, in May, 1876, said Bradford being deceased, and the plaintiff having been appointed administratrix, demanded of said treasurer the payment of said award ; and again on the — day of January, 1877, she again demanded the same of said treasurer, which has never been paid.    And it is also agreed that said street has never been opened, and nothing has been done with, or in regard to it by said city since its action in December, 1875.    If the defendants are not liable for the damages awarded, until the street is actually opened for use, judgment is to be rendered for the defendants, otherwise it is to be for the plaintiff."

*J. W. Bradbury*, for the plaintiff, cited : *Westbrook* v. *North*, 2 Maine, 179 ; *Harrington* v. *Co. Com. of Berkshire*, 22 Pick. 263 ; *Hallock* v. *County of Franklin*, 2 Met. 559 ; *Shaw* v. *Charlestown*, 3 Allen, 538.

*True P. Pierce*, for the defendant.

This action is to enforce the payment of damages for the location of a town way over the plaintiff's land. The land of the plaintiff has never been taken, within the meaning of the statute ; § 1, c. 18, R. S., confers authority upon county commissioners to lay out, alter, or discontinue highways ; § § 4, 5 and 6, *Ibid.* provide the manner of return of their proceedings, final acceptance and establishment of the highway, and the determination of damages for land to be used in building. Certainly the way must be located and established before damages can be assessed ; § 7, *Ibid.* provides that after all this has been done there must be something in addition to constitute a taking. This section has received judicial consideration, in *Gay* v. *Gardiner*, 54 Maine, 479, and a distinction clearly made between location and taking. In *Nichols* v. *Som. & Ken. R. R. Co.* 43 Maine, 361, the court, referring to the sense in which taking is used in this connection, say : "The time of taking here referred to must be the time of entering into the occupation of the land." And in *Cushman* v. *Smith*, 34 Maine, 255, SHEPLEY, C. J., in his very able opinion says : "It is believed to have been the long established course of proceedings in this part of the country, at least, to authorize the exclusive occupation required for such public uses as the laying out of highways and streets, by making provision by law for compensation to the owner, to be subsequently paid." *Jones* v. *Oxford Co.* 45 Maine, 419, has a general bearing in the same direction.

After a town way is laid out by the proper authorities, it will be discontinued by operation of statute, if not opened within six years ; § 27, c. 18, R. S. ; *State* v. *Cornville*, 43 Maine, 428 ; "What must be done to constitute an opening of a road within the meaning of the statute, is not precisely defined therein ;" but some action must be taken.

The encumbrance created by legally laying out, accepting, and opening a highway is a perpetual public easement of the right of travel and repairs; and payment of damages is to secure this perpetual easement: 1 Waterman on Trespass, § 646. In this case the fee of the land remains in the plaintiff. It has been occupied precisely as it was previous to December 7th, 1875, and the only damages sustained, if any, are of a very different character from those claimed in the writ.

R. S., c. 18, § 7, provides that "payment of damages may be suspended until the land, for which they are assessed, is taken." When no act is done after the formal laying out of the way, a proper construction of the statute would seem to be that the award of the full value of the land should not be recoverable until the plaintiff is dispossessed of it. There is no statute, which I can find, which gives a right for an award until "the time of entering into the occupation of the land," in some form, and no decision which does not make a distinction between the formal acts of locating and laying out and establishing, and the taking, or occupying, within the meaning of the statute. In *Gay* v. *Gardiner*, 54 Maine, 479, the court say: "If interest could be allowed at all, it would only be allowed from the time when the land was taken, and not from the time of location. Till then, the owners would have no right to demand payment of their damages, and the respondents would not be in fault for not paying them." R. S., c. 18, § 7, is referred to as authority in this case, although the way in question is a town way; the court thus make the rule applicable to town as well as county ways. *Comins* v. *Bradbury*, 10 Maine, 449, lays down this rule: "Compensation must be made or provided for, when the property is taken," not at the time the location is made.

This statute rule is designed for the same purpose in this State, that the statute of 1847, c. 259, § 4, was enacted in Massachusetts. It was held in Massachusetts, *LeCroix* v. *Medway*, 12 Met. 123, that damages assessed by county commissioners could not be lawfully demanded "until the land over which the way is located is entered upon, and possession taken for the purpose of constructing the way." In *Bishop* v. *Medway*, *Ibid.* 125, it was

held that the "language was so precise in limiting its provisions to acts done or directed by county commissioners," that the same rule could not be applied to acts done by selectmen.    But the court denounced the principle as "harsh in its operation," and suggested further legislation to correct the evil, which was promptly had.

If I have correctly interpreted our statute rule with the aid of our decisions, it is identical in its operation with the present Massachusetts statute, c. 43, § 62, which makes the damages for taking land for county and town ways alike payable at or after an actual entry for exclusive occupation for the purpose of building the way. *Shaw* v. *Charlestown*, 3 Allen, 538; *New Bedford* v. *Co. Com'rs*, 9 Gray, 346.

BARROWS, J.    A street was legally laid out, accepted and established across land owned by Bradford Kimball, the plaintiff's intestate, December, 7, 1875, by the proper municipal officers of Rockland, who, at that time, estimated his damages for the land so taken at $400, and awarded that sum to be paid to him therefor, saying nothing about the time of payment.    Said Kimball demanded payment of the sum thus awarded January 10, 1876, and his administratrix did the same in May, 1876; and the same not being paid, in February, 1877, she brought this suit.    Defendants deny their liability, and claim that the action was prematurely brought because the agreed statement, on which the case is submitted, shows, in addition to the foregoing facts, that said street has never been opened and nothing has been done with or in regard to it by said city since its location as aforesaid. Before the passage of chapter 92, of the laws of 1854, now condensed to such an extent as tends to obscurity in R. S., c. 18, § 7, (copied from the same chapter and section in the revision of 1857,) it would not be doubted that the rights both of the land owner and the public became fixed and vested by the passage of the final order closing the proceedings requisite for the establishment of a highway or town way, before any act done towards fitting the land thereby appropriated for use as a way; and the public thereby acquired a right to the easement, to be exercised as long as they pleased, and the land owner's

right to his compensation, as ascertained by the proper tribunal, was complete.

The courts of this State and New Hampshire and Massachusetts, under statutes substantially similar, concurred in so holding. *Westbrook* v. *North,* 2 Maine, 179 ; *Hampton* v. *Coffin,* 4 N. H. 517 ; *Harrington* v. *Co. Com'rs of Berkshire,* 22 Pick. 263 ; *Hallock* v. *Co. of Franklin,* 2 Met. 558. Upon the apparent injustice of requiring the defendants to pay the full value of the land for a mere naked right which they never have exercised, and perhaps never may, and upon the unreasonableness of the land owner's claim for full compensation as upon a complete actual taking of the land, when his possession never has been disturbed and perhaps never may be, and upon inferences from some of our own decisions in cognate cases, defendant's counsel constructs an able argument which merits careful consideration, and would seem, so far as equitable reasons can be regarded, entitled to prevail, if existing statute provisions and the settled law applicable thereto and the acts of the parties here, would permit.

The commonwealth of Massachusetts met the difficulties in the way of justice thus suggested, by the enactment of c. 86, stats. of 1842, providing that when county commissioners have estimated the damages sustained by any persons in their property by the laying out of any highway, they shall not order the damages to be paid, nor shall any person claiming damages, have a right to demand the same until the land over which the highway is located shall have been entered upon and possession taken for the purpose of constructing said highway. And this was held in *Harding* v. *Medway,* 10 Met. 470, to apply to all traveled ways in relation to which county commissioners were called upon under its provisions to direct or adjudicate. But the court, finding in *Bishop* v. *Medway,* 12 Met. 126, that they were not warranted by any just rules of construction in applying it to cases of damage awarded by selectmen to the owner of land over which they have laid out a town way, in 1847 (c. 259) an additional act was passed, expressly applying the same provisions to town ways, and imposing like restraints and duties

upon selectmen. The effect of these statutes was considered in *New Bedford* v. *Co. Com'rs of Bristol*, 9 Gray, 348.

If we had such statute provisions as these, this case could be readily disposed of; nor should we be troubled with any such difficulty as the Massachusetts court encountered in *Shaw* v. *Charlestown*, 3 Allen, 538, in applying them to the case of a street established by the municipal officers of a city, because, with us, "the word town, includes cities and plantations, unless otherwise expressed or implied;" and the term municipal officers includes the mayor and aldermen of cities as well as the selectmen of towns. R. S., c. 1, § 4, clauses 17 and 23.

Under such statutes, there could be no doubt that the land owner might properly be relegated in all cases where the land was not actually taken from his possession, to his action of trespass or case for the damages really suffered, when and so long as the taking is only partial and minatory but enough is done to interfere with the owner's use or disposition of his property. That such an action may be maintained, when no effectual steps are taken to secure the public rights, by paying or tending within a reasonable time the compensation to which the constitution declares all whose property is taken for public uses to be entitled, seems to be held in *Cushman* v. *Smith*, 34 Maine, 248, and *Nichols* v. *Som. & K. R. R. Co.* 43 Maine, 356; or, where no provision is made in the act authorizing the taking, for the assessment and payment of such damages, *Comins* v. *Bradbury*, 10 Maine, 447.

But the precise question before us, is, whether such action is the only or the proper remedy where the damages have been assessed by the proper tribunal, assented to by the land owner, and no order suspending the payment until the land is actually taken for the construction of the road, was made.

The only statutory provision which we have, looking to the end which the Massachusetts statutes so thoroughly accomplish, is found in R. S., c. 18, § 7; "Payment of damages may be suspended until the land for which they are assessed is taken." It is found among the provisions regulating the location, alteration and discontinuance of highways by the county commissioners.

The act from which it was derived, c. 92, laws of 1854, runs thus : "The county commissioners in their several counties are hereby authorized to suspend the payment of damages awarded to owners of land over which any county road may be located until said land is actually taken for said road." The act is plainly permissive, and not peremptory like the Massachusetts statutes ; and there is nothing to show any change of legislative intention in this respect in the revision.

If we could extend the power thus conferred upon county commissioners, by judicial construction to the municipal officers of towns and cities, still the case finds that the municipal officers of Rockland did not undertake to suspend the payment to Kimball ; but awarded the sum to be paid to him as damages, apparently on demand. Defendant's counsel labors earnestly to show that our statute rule with the aid of our decisions, is identical in its operation with the Massachusetts statutes. We think there is a radical difference, which it passes the just limits of judicial construction to correct. Whether further legislation is not required, is a matter which may well command the attention of our legislators. It does not appear, in *Gay* v. *Gardiner*, 54 Maine, 478, (upon which defendant's counsel lays much stress as a judicial interpretation of c. 18, § 7,) when the damages were made payable in that case by the tribunal which originally assessed them. From the reading of the case it might fairly be inferred that payment was suspended in that instance until the land should be actually taken. But the point decided, is, that a jury assessing damages independently, on an appeal, are not to allow interest as such, on such sums as they may find, from the time of the location. A doubt is expressed whether interest as such should be allowed at all. It does not seem to touch the case of the payment of an award of damages which is silent as to the time of payment.

If the city of Rockland pays more than is right, here, for the acquisition of an easement which they have thus far held to the probable inconvenience and embarrassment of the land owner, though they have not seen fit to avail themselves of it in actual use, they must charge it to a defect in the law which we cannot

correct, or to a defect in the action of their own municipal officers under the law.

*Judgment for plaintiff.*

APPLETON, C. J., WALTON, DANFORTH, LIBBEY and SYMONDS, JJ., concurred.